# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOB ESCREZA MOHLER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:17-2263** |
| **v.** | : | **(JUDGE MANNION)** |
| **BANK OF AMERICA, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge William I. Arbuckle which recommends that the plaintiff's complaint be dismissed with prejudice. (Doc. 11). Also before the court is a "Motion to Reconsider Order to Dismiss" filed by the plaintiff. (Doc. 12).

By way of relevant background, the plaintiff filed the instant action, *pro se*, on December 11, 2017, alleging that Bank of America violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(a). (Doc. 1). On May 9, 2018, Judge Arbuckle gave the plaintiff's complaint preliminary consideration pursuant to the provisions of 28 U.S.C. §1915(e)(2). (Doc. 7). In doing so, Judge Arbuckle found that the complaint failed to state a claim upon which relief can be granted, but allowed the plaintiff to amend his complaint to cure the stated deficiencies.

Rather than filing an amended complaint as directed, on June 5, 2018, the plaintiff filed a document entitled "Memo in Opposition to Bank of America Motion to Dismiss," in which the plaintiff argued that his complaint did, in fact,

state a claim upon which relief can be granted because the FCRA provides for a private cause of action. (Doc. 8). In response to this filing, on June 19, 2018, Judge Arbuckle issued an order providing that the plaintiff was correct that there was a private cause of action under the FCRA, but pointing out that the plaintiff had relied only upon passages from a section of the FCRA for which there was no private right of action. (Doc. 10). As such, Judge Arbuckle gave the plaintiff until July 19, 2018, to amend his complaint to assert a claim under the proper provisions of the FCRA.

On September 21, 2018, when the plaintiff failed to respond to the order of June 19, 2018, Judge Arbuckle issued the report which is now pending before the court. After weighing the factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), Judge Arbuckle recommends that the instant action be dismissed under Fed.R.Civ.P. 41 for the plaintiff's failure to prosecute. In addition, Judge Arbuckle recommends that the plaintiff's complaint, as it stands, be dismissed for his failure to state a claim upon which relief can be granted. At the conclusion of his report, Judge Arbuckle informed the plaintiff of his right to file objections to the report. Rather than file objections to Judge Arbuckle's report, on October 10, 2018, the plaintiff filed a one-page document entitled "Motion to Reconsider Order to Dismiss," in which he provides that the FCRA should be given liberal construction in favor of consumers and requests that, if the court dismisses

his complaint, it do so without prejudice so that he can provide a more concise complaint. (Doc. 12). The plaintiff has not, however, provided any specific or substantive objection to Judge Arbuckle's report.

When no objections are filed to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed the reasons presented by Judge Arbuckle in support of his recommendation and agrees with the sound reasoning that led Judge Arbuckle to the conclusions in his report. The court agrees that the Poulis factors weigh in favor of dismissing the instant action under Fed.R.Civ.P. 41. Moreover, despite having been informed of the defects in his complaint and allowed ample opportunity to cure those defects, the plaintiff failed to do so. The court finds that the plaintiff's complaint, as it stands, fails to state a claim upon which relief can be granted. As such, the undersigned

finds no clear error on the face of the record and will adopt Judge Arbuckle's report in its entirety.

With respect to the plaintiff's motion to reconsider, as of the time the plaintiff filed this document, there was no order on the record for the court to reconsider, only Judge Arbuckle's recommended disposition. Further, to the extent that the plaintiff requests the court to dismiss this action without prejudice so that he can file another complaint, the court finds that Judge Arbuckle provided the plaintiff ample opportunity to amend his complaint before issuing his report and recommendation. The instant action will, therefore, be dismissed with prejudice as recommended. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 10, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2263-01.wpd